UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVSION DIVISION

| | | |
|---|---|---|
| NORA D. SANCHEZ<br>AKA, NORA DIMAS<br>　　Plaintiff,<br>v.<br><br>UMB BANK, NATIONAL<br>ASSOCIATION, TRUSTEE<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:23-cv-00065 |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant UMB Bank, National Association, as Trustee ("Defendant") hereby files this Notice of Removal and removes this action from the 406th Judicial District of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, and in support thereof respectfully shows the Court as follows:

### I.　INTRODUCTION

1.　Plaintiff Nora D. Sanchez a/k/a Nora Dimas ("Plaintiff") filed this action to enjoin the lawful non-judicial foreclosure sale of the real property commonly known as 8659 Oakridge Loop, Laredo, Texas, 78045 (the "Property").

2.　In the state court action styled: *Nora D. Sanchez aka, Nora Dimas v. UMB National Association, Trustee* filed in the 406th Judicial District of Webb County, Texas under Cause No. 2023CVK000814D4 (the "State Court Action"), Plaintiff alleges that Defendant failed to comply with the foreclosure notice requirements as stated in both the Deed of Trust and Texas Property Code. Specifically, Plaintiff alleges the notice of trustee's sale was "never been delivered to the Plaintiff" *See* Compl. § V.  Although Plaintiff fails to state a cause of action, Plaintiff's pleadings imply claims for breach of contract and violation of the Texas Property Code.

3. Based on the foregoing, Plaintiff seeks temporary and permanent injunctive relief, unspecified monetary damages, declaratory judgment, attorney fees, and costs.

## II.   PROCEDURAL REQUIREMENTS

4. Venue is proper in the United States District Court for the Southern District of Texas, Laredo Division, because State Action is pending within the district and division. *See* 28 U.S.C. §§ 1441(a); *see also* 28 U.S.C. § 124(b)(3).

5. Pursuant to 28 U.S.C. 1446(a), copies of all process, pleadings, orders and other papers filed in the 406th Judicial District of Harris County, Texas and obtained by Defendant are attached hereto.

6. In support of this removal, as required by Local Rule 81, please find attached as follows:

**Exhibit A**: Index of Matters Being Filed;
**Exhibit B**: Civil Coversheet;
**Exhibit C**: State Court Docket Sheet;
**Exhibit D**: State Court File[1];
**Exhibit E**: List of All Counsel of Record; and
**Exhibit F**: Webb County CAD Valuation for the Property

7. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant is filing a notice of removal in the State Court Action.

8. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action and obtained by Defendants are attached hereto.

## III.   TIMELINESS OF REMOVAL

9. Less than thirty (30) days have passed since Defendant received notice of this lawsuit, and thus, removal is timely. 28 U.S.C. § 1446(b)(1).

## IV.   BASIS FOR REMOVAL

10. Defendant removes this lawsuit to this Court based on diversity jurisdiction. Where

---

[1] Defendant reserves the right to supplement Exhibit D as necessary.

there is complete diversity among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, an action may be removed to federal court. 28 U.S.C. § 1332(a).

A. **CITIZENSHIP OF THE PARTIES**

11. Plaintiff is an individual who resides in Webb County, Texas. *See* Compl. § 2.

12. Defendant is named in its capacity as Trustee. When determining the citizenship of a trust for the purpose of diversity jurisdiction, it is the citizenship of the trustee which controls. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980). Defendant is a national banking association. The citizenship of a bank is determined by the location of its main office as set forth in its articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Defendant's main office is located in Missouri.

13. Accordingly, there is complete diversity among the parties.

B. **AMOUNT IN CONTROVERSY**

14. The Complaint seeks a declaratory relief, enjoining the foreclosure sale of the Property. *See* Compl., at Prayer. In actions seeking declaratory relief or injunction relief, the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F.Supp.2d 1039, 1044 (W.D.Tex.2010); *see also Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th

Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); *see also Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (*Waller* extended to a suit seeking injunctive relief to prevent foreclosure).

15. Pursuant to the records of the Webb County Appraisal District, the Property is currently valued at $224,394. *See* Exhibit F. *See Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010) (considering appraisal district figure as evidence that amount in controversy requirement was met). Considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,0000 exclusive of interest and costs.

16. Because there is complete diversity among the parties, and the amount in controversy exceeds $75,000, removal is proper.

## V.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant removes the State Court Action from the 406th Judicial District of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP**

/s/ *Shawnika L. Brooks*
Shawnika L. Brooks
State Bar No. 24106058
S.D. Bar No. 3482944
Robert D. Forster, II
State Bar No. 24048470
S.D. Bar No. 2647781
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0734 (Facsimile)
RobertFO@bdfgroup.com
ShawnikB@bdfgroup.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered to all parties and counsel of record via CM/ECF on this 28th day of June, 2023.

Via E-service: grgarcia@kmp-law.com
GUILLERMO R. GARCIA
KAZEN, MEURER & PEREZ, L.L.P.
211 Calle del Norte, Ste. 100
Laredo, Texas 78042-6237
(956) 712-1600

ATTORNEY FOR PLAINTIFF

/s/ *Shawnika L. Brooks*
Shawnika L. Brooks